# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEROME JACKSON,

                      **Plaintiff,**

-vs-                               **Case No.  6:08-cv-987-Orl-31GJK**

PETE'S PAINTING OF CENTRAL
FLORIDA, INC., and KOSTADIA
KAROUTSOS,

                      **Defendants.**

_____

# ORDER

       This matter came before the Court upon consideration of Defendants' Motion to Dismiss

(Doc. 8) and Plaintiff's response in opposition thereto (Doc. 12).

## I.  Background

       Plaintiff has brought an action for, *inter alia*, unpaid overtime compensation pursuant to 29

U.S.C. § 216(b), the Fair Labor Standards Act (the "FSLA").  In his Complaint, Plaintiff has

alleged that he was an hourly employee of the Defendants, that Defendants are covered employers

under the FSLA, and that Defendants failed to pay him - as well as other similarly situated

employees - time-and-a-half for certain overtime work performed within the last three years.

       In their Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), Defendants argue that the

Complaint: (1) lacks specificity; (2) fails to include an allegation or attached documentation which

indicates that the compensation was applied for and denied; (3) fails to include an allegation that

all conditions precedent have been satisfied; and (4) improperly asserts claims on behalf of similarly situated plaintiffs.

## II.  Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto.  Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed.R.Civ.P. 8(a)).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  The complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.

### III.  Analysis

Plaintiff clearly seeks payment for overtime he alleges Defendants failed to pay.  While Plaintiff did not "state his rate of compensation, the number of hours that [he has] requested, and the time periods worked" (Doc. 8 at 1), he need not do so at this stage in the litigation.  It is enough that Plaintiff has alleged that he was an hourly employee of Defendants during the last three years, that Defendants failed to properly compensate him for his overtime during that period, and that Defendants are subject to the FLSA.  In any event, the Scheduling Order in this case requires the Plaintiff to address these questions in interrogatories (Doc. 11).  Defendants' remaining arguments are without merit and fail to include any citation to relevant authority.[1]  Accordingly, Defendants' Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 17, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1]The Court reminds Defendants that every motion filed with this Court requires a memorandum of law in support of the requested relief.  Local Rule 3.01(a).